IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL MAE FRERICHS, | ) | |
| Individually and as Special Administrator | ) | |
| of the Estate of DENNIS FRERICHS, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 5900 |
| | ) | |
| UNITED STATES OF AMERICA, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On October 13, 2005, plaintiff Cheryl Mae Frerichs ("Frerichs"), individually and as

special administrator of the Estate of Dennis Frerichs, filed a three count complaint alleging

breach of contract, failure to maintain accurate records and promissory estoppel / quasi contract

against defendants United States of America ("United States"), the United States Postal Service

("USPS"), and the United States Office of Personal Management ("OPM") (collectively

"defendants"). (Dkt. No. 1). The defendants filed a pending motion on December 19, 2005

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rules"), to dismiss the

complaint for lack of subject matter jurisdiction. (Dkt. Nos. 5). For the reasons set forth below,

this court grants the motion to dismiss as to Count One.

BACKGROUND

Frerichs alleges in her complaint that her husband, Dennis Frerichs, retired on June 3,

2003 after working 37 years for the USPS in Kankakee, Illinois. (Dkt. No. 1 at ¶¶ 7, 10, 13).

Dennis Frerichs elected to receive life insurance through the Federal Employees Group Life

Insurance ("FEGLI") program.  (*Id.* at ¶ 11).  OPM is responsible for administering FEGLI. (*Id.*)

In May 2003, just before his retirement, Dennis Frerichs completed a necessary form electing to continue his life insurance coverage into retirement and adding additional coverage. (*Id.* at ¶ 15).  Dennis Frerichs realized that the form had been completed improperly because it declined the additional life insurance coverage that he wished to receive.  Dennis Frerichs contacted Beverly Adams, ("Adams"), the appropriate USPS human resources official, to correct the election on the form.  (*Id.* at ¶ 17).  Adams assured Dennis Frerichs that the correction would be made and that he had selected the additional coverage that he desired.  (*Id.* at 18).  The Frerichs received a copy of the corrected form selecting the additional coverage and believed that the proper election had been recorded. (*Id.* at ¶ 21).

Frerichs filed a claim for the life insurance policy with OPM after Dennis Frerichs' death in August 2004.  (*Id.* at ¶¶ 22, 23).  OPM informed Frerichs that she was entitled to a life insurance benefit of $45,000.  (*Id.* at ¶ 24).  Frerichs disputes this and argues that she is entitled to an additional $255,000 in life insurance benefits.  (*Id.* at ¶ 26).  The $255,000 difference is attributable to additional coverage elected in May 2003.

## STANDARD OF REVIEW

Frerichs, the party invoking this court's subject matter jurisdiction, bears the burden of establishing that subject matter jurisdiction properly exists in this case.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) ("The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction.").  "In considering a motion to dismiss under Rule 12(b)(1), [this] court must accept

as true the complaint's well-pleaded facts and allegations and draw all reasonable inferences from those allegations in the plaintiff's favor." *Byrd v. Homecomings Fin. Network*, No. 04 C 8049, 2005 WL 3601707, at *2 (N.D. Ill. Dec. 29, 2005) (citing *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)). "However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, 'but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other materials to support the motion." *Wells Fargo Bank, N.A. v. Siegel*, No. 05 C 5635, 2005 WL 3482236, at *1 (N.D. Ill. Dec. 15, 2005) (quoting *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)). The defendants argue that this court does not have subject matter jurisdiction based on a review of the face of the complaint. Therefore, this court shall accept the complaint's factual allegations as true and need not look behind the complaint.

## ANALYSIS

Count One of Frerichs' complaint alleges a breach of contract claim and invokes this court's subject matter jurisdiction pursuant to the Federal Employee Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8715 and the Postal Reorganization Act ("PRA"), 39 U.S.C. §§ 401(1), 409(a). (Dkt. No. 1 at ¶¶ 27-33). Count Two alleges a claim for failure to maintain accurate records in violation of the Privacy Act, 5 U.S.C. § 552a(e)(5). (*Id.* at ¶¶ 34-46). Count Three alleges a common law promissory estoppel / quasi contract claim. (*Id.* at ¶¶ 47-52).

The United States has waived its sovereign immunity as to contract disputes pursuant to the Tucker Act but Congress has vested the United States Court of Federal Claims with exclusive jurisdiction to hear contract claims over $10,000. *Narsete v. West*, No. 99 C 4046, 2000 WL 1056348, at *9 (N.D. Ill. 2000) (citing 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *Midwest*

*Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1301 (7th Cir. 1991)); *United States ex rel.*

*Fallon v. Accudyne Corp.*, 921 F. Supp. 611, 617 (W.D. Wisc. 1995) (citing *Pershing Div. of*

*Donaldson, Lufkin & Jenrette Sec. Corp. v. United States*, 22 F.3d 741, 743 (7th Cir. 1994)

("Section 1346(a)(2) waives sovereign immunity for contract claims in [a federal district court],

but only to the extent such claims are for compensation not exceeding $10,000.")). Frerichs'

contract claim is for $255,000 so she must proceed in the United States Court of Federal Claims.

Frerichs argues that her breach of contract claim for $255,000 can proceed in this court

because of the jurisdiction grant authorized in the FEGLIA.[1] 5 U.S.C. § 8715 ("The district

courts of the United States have original jurisdiction, concurrent with the United States Court of

Federal Claims, of a civil action or claim against the United States founded on this chapter.").

The parties have not provided, and this court has been unable to locate, any reported case from

the Seventh Circuit, or any district court within the Seventh Circuit, addressing the question of

whether 5 U.S.C. § 8715 alters the Tucker Act's grant of exclusive jurisdiction to the Court of

Federal Claims for breach of contract claims brought under the FEGLIA in excess of $10,000.[2]

---

[1] Count One of Frerichs' complaint also invokes the PRA, 39 U.S.C. §§ 401(1), 409(a), but Frerich fails to develop any argument related to whether this court has jurisdiction under the PRA in light of the Tucker Act. The court will not consider undeveloped argument from the parties. *Williams v. REP Corp.*, 302 F.3d 660, 666 (7th Cir. 2002) (quoting *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549 (7th Cir. 2002) ("A party waives any argument that it does not raise before the district court.")).

[2] Frerichs does cite to the Seventh Circuit's decision in *Blue Cross and Blue Shield of Illinois v. Cruz*. 396 F.3d 793, 797 (7th Cir. 2005). *Blue Cross* involved the question of whether a private insurer participating under the Federal Employee Health Benefit Act ("FEHBA"), could bring suit in federal court to recover the cost of health services provided to a beneficiary after the beneficiary received a damages award from a third-party tortfeasor. Frerichs wishes to interpret the FEGLIA via analogy to the Seventh Circuit's interpretation of the FEHBA in *Blue Cross* because the FEHBA is a companion statute to FEGLIA and the FEHBA also has a parallel section of 5 U.S.C. § 8912 containing the same jurisdictional grant contained in 5 U.S.C. § 8715

Looking beyond the Seventh Circuit, the leading case on this question appears to be *Barnes v. United States*. 307 F.2d 655 (D.C. Cir. 1962). Although decided in 1962, *Barnes* continues to be cited positively in other recent circuit court decisions. *See Lewis v. Merit Serv. Prot. Bd.*, 301 F.3d 1352, 1354 (Fed. Cir. 2002); *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 513 (5th Cir. 2000). *Barnes* holds that 5 U.S.C. § 8715 does allow for suits to be brought in a district court brought under the FEGLIA in excess of $10,000 "for any breach of a legal duty" imposed on the United States by the FEGLIA. 307 F.2d at 657.

The United States, however, does enter into individual insurance contracts with its employees under the FEGLIA. "[T]he United States' role is limited to negotiation and procuring of a policy of group life insurance for its employees ... The United States is only liable if it fails in that role to cause to the issuance of the insurance contract in the proper amount." *Jacobs v. United States*, 794 F. Supp. 509, 511 (S.D.N.Y. 1992) (citations omitted). Therefore, the Frerichs' cannot bring a breach of contract claim against the United States under 5 U.S.C. § 8715

_____

of the FEGLIA.

(Continued...) *Blue Cross*, however, is not helpful in the present case because the amount at dispute in *Blue Cross* ($4,682.20) is less than $10,000 threshold, *Id.* at 796, and also the United States was not a party in *Blue Cross*. Additionally, the Seventh Circuit made no consideration of the Tucker Act or FEHBA's interaction with the Tucker Act.

Frerichs' apparent misunderstanding of *Blue Cross* arises from the Seventh Circuit's statement in *Blue Cross* that the "FEHBA does contain a provision granting federal jurisdiction over suits against the United States." *Id.* at 797. That statement, however, does not address the question of the FEHBA, and by analogy the FEGLIA's jurisdictional grant, alters the Tucker's Act investiture of Federal Court of Claims with exclusive jurisdiction over breach of contract claims in excess of $10,000 brought against the United States.

because there is no contract existing between Frerichs and the United States.[3]  Dennis Frerichs'

insurance contract is with a private third-party provider, not the United States.

The government conceded in its reply filed January 19, 2006 that its pending motion to

dismiss only addressed Frerichs' breach of contract claim in Count One and that she can proceed

on her claim under the Privacy Act over which this court has subject matter jurisdiction.  (Dkt.

No. 10 at ¶ 4).  The court need not consider the government's other arguments as to whether the

USPS or OPM are proper defendants in this case since Count One is being dismissed.

This court does have an independent duty to determine that it has subject matter

jurisdiction.  Count Two properly invokes this court's subject matter jurisdiction pursuant to the

Records Act, 5 U.S.C. § 552a(e)(5), *see Nelson v. Stewart*, 422 F.3d 463, 466 (7th Cir. 2005)

("[A] court must determine the presence or absence of a federal question by examining only the

---

[3]  Even though Count One of Frerichs' complaint alleges a breach of contract, the
substance of her argument is more akin to a breach of fiduciary duty argument.  A breach of
fiduciary duty argument would more appropriate under 5 U.S.C. § 8715 since the "legal duties"
(Continued...) that the United States has under the FEGLIA are fiduciary type duties.

However, there are diverging decisions in the Circuits on whether the United States has
duties under the FEGLIA to properly receive, maintain, and review for errors in the benefit
election forms.  *Compare Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 513 (5th Cir. 2000)
(holding that these duties exists) *with Argent v. O.P.M.*, No. 96 Civ. 2516 (PKL), 1997 WL
473975, at *2 (S.D.N.Y. 1997) (citing *Kimble v. United States*, 345 F.2d 951, 952 (D.C. Cir.
1965); *Barnes v. United States*, 307 F.2d 655, 658 (D.C. Cir. 1962); *Robinson v. United States*, 8
Cl. Ct. 343, 345 (Cl. Ct. 1985) *aff'd*, 806 F.2d 249 (Fed. Cir. 1986)) (holding that these duties do
not exist).  Since there is no clear indication from Congress in the FEGLIA that Congress wished
to waive the United States' sovereign immunity and create actionable duties, this court joins the
courts holding that the United States has no duty to properly receive, maintain, and review
benefit election forms.  Additionally, no duty was created by the promise by USPS human
resources official Adams to correct the election form.  *See Argent*, No. 96 Civ. 2516 (PKL), 1997
WL 473975, at *3 (citing *Kimble*, 345 F.2d at 952) ("When Government officials act beyond the
scope of their duties, such as by reviewing designation forms for errors, they do not subject the
Government to suits for damages even if they act negligently.")

plaintiff's well-pleaded complaint. ... This rule requires that a federal question appear on the face of the complaint."), and the common law claim in Count Three are within this court's supplemental jurisdiction. 28 U.S.C. § 1367.

<u>CONCLUSION</u>

The defendants' motion of December 19, 2005 to dismiss the complaint for lack of subject matter jurisdiction (Dkt. Nos. 5), is granted as to Count One. Frerichs' Count One breach of contract claims is dismissed. The previously set status report of January 26, 2006 is stricken.

The defendants are ordered to file an answer to Frerichs' complaint on or before February 7, 2006. The parties are requested to hold a Rule 26(f) conference and file a jointly completed Form 35 signed by counsel for each party on or before February 15, 2006. The parties are requested to submit a courtesy copy of the Form 35 to Chambers on the day of filing. This case is set for a report on status and entry of a scheduling order at 9:00am on February 21, 2006. The parties are also encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Judge

Date:   January 23, 2006